**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

RESTSEARCH.COM., INC. and
NATIONAL RESTAURANT BROKERS, INC.

      Plaintiffs,

v.

DORTCH HALO ENTERPRISES, LLC,

      Defendants.

Case No. 2:16-cv-14010-DML-EAS
Hon. David M. Lawson

| | |
|---|---|
| John Di Gicomo (P73056)<br>Eric Misterovich (P73422)<br>REVISION LEGAL, PLLC<br>Attorneys for Plaintiffs<br>109 E. Front Street, Suite 309<br>Traverse City, MI 49684<br>(231) 714-0100<br>john@revisionlegal.com | Brian H. Rolfe (P52680)<br>THE KEMP KLEIN LAW FIRM<br>Attorneys for Defendant<br>201 W. Big Beaver Road, Ste. 600<br>Troy, Michigan 48084<br>(248) 740-5684<br>Email brian.rolfe@kkue.com |

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT, DEMAND FOR JURY TRIAL AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, DORTCH HALO ENTERPRISES, LLC, by and through its attorneys, the Kemp Klein Law Firm, and for its Answer to Defendant's Complaint, Demand for Jury Trial and Affirmative Defenses, states as follows:

**I.      INTRODUCTION**

1.      In answer to Paragraph 1, Defendant neither admits nor denies and leaves Plaintiffs to their proofs.

2.      In answer to Paragraph 2, Defendant neither admits nor denies and leaves Plaintiffs to their proofs.

## II. PARTIES, JURISDICTION, AND VENUE

3.      In answer to Paragraph 3, Defendant neither admits nor denies and leaves Plaintiffs to their proofs.

4.      In answer to Paragraph 1, Defendant neither admits nor denies and leaves Plaintiffs to their proofs.

5.      In answer to Paragraph 5, Defendant admits the allegations contained therein.

6.      In answer to Paragraph 6, Defendant admits the allegations contained therein.

7.      In answer to Paragraph 7, Defendant neither admits nor denies and leaves Plaintiffs to their proofs.

8.      In answer to Paragraph 8, Defendant denies as untrue that Defendant committed intentionally tortious action; Defendant neither admits nor denies the balance of the allegations.

9.      In answer to Paragraph 9, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

## III. DEFENDANT'S UNLAWFUL ACTIONS

10.     In answer to Paragraph 10, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

11.     In answer to Paragraph 11, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

12.     In answer to Paragraph 12, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

13.     In answer to Paragraph 13, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

14.     In answer to Paragraph 14, Defendant admits the allegations contained therein.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

15.     In answer to Paragraph 15, Defendant admits it purchased the restaurant chain in 2010 but neither admits nor denies the balance of the allegations contained therein.

16.     In answer to Paragraph 16, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

17.     In answer to Paragraph 17, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

18.     In answer to Paragraph 18, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

19.     In answer to Paragraph 19, Defendant admits the allegations contained therein.

20.     In answer to Paragraph 20, Defendant admits the allegations contained therein.

21.     In answer to Paragraph 21, Defendant neither admits nor denies the allegations contained therein alleging what National Restaurant Brokers did or did not do and in answering further deny as untrue that Grabowski either signed or agreed to Exhibit B.

22.     In answer to Paragraph 22 and including sub paragraphs a through d, Defendant neither admits nor denies the allegations contained therein as Exhibit B speaks for itself.  In answering further, Defendant denies that it agreed to the purported commission structure or that this purported structure applied in any event.

23.     In answer to Paragraph 23, Defendant neither admits nor denies the allegations contained therein.  In answering further, there is no evidence the purported email was ever sent or received in Exhibit B as alleged.

24.     In answer to Paragraph 24, Defendant admits it never signed the "Authorization."

25.     In answer to Paragraph 25, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

3

26.      In answer to Paragraph 26, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

27.      In answer to Paragraph 27, Defendant admits the allegations contained therein.

28.      In answer to Paragraph 28, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs as the contents of Exhibit D speak for themselves.

29.      In answer to Paragraph 29, Defendant admits the allegations contained therein.

30.      In answer to Paragraph 30, Defendant admits the allegations contained therein. In answering further, Defendant never agreed to any commission payment and/or structure whatsoever.

31.      In answer to Paragraph 31, Defendant admits that information regarding Dortch was provided to Plaintiffs relative to the potential for an agreement to be reached with National Restaurant Brokers; which never occurred.

32.      In answer to Paragraph 32, Defendant admits that communications occurred relative to the potential for an agreement to be reached with National Restaurant Brokers; which never occurred.

33.      In answer to Paragraph 33, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

34.      In answer to Paragraph 34, Defendant neither admits nor denies the allegations contained therein and leaves Plaintiffs to their proofs.

35.      In answer to Paragraph 35, Defendant denies the allegations contained therein.

36.      In answer to Paragraph 36, Defendant denies the allegations contained therein.

37.      In answer to Paragraph 37, Defendant denies the allegations contained therein.

38.      In answer to Paragraph 38, Defendant denies the allegations contained therein.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

4

39.     In answer to Paragraph 39, Defendant neither admits nor denies the allegations contained therein.

40.     In answer to Paragraph 40, Defendant admits contact was made but denies that any payment was or is due.

41.     In answer to Paragraph 41, Defendant neither admits nor denies whether an invoice was sent but in answering further Defendant denies any commission is owed by it to Plaintiffs.

42.     In answer to Paragraph 42, Defendant admits the allegations contained therein.

43.     In answer to Paragraph 43, Defendant neither admits nor denies the allegations contained therein.

## COUNT I - BREACH OF CONTRACT

44.     Defendant incorporates by reference each of the foregoing paragraphs as if restated herein word for word and paragraph for paragraph.

45.     In answer to Paragraph 45, Defendant neither admits nor denies the allegations contained therein.

46.     In answer to Paragraph 46, Defendant neither admits nor denies the allegations contained therein.

47.     In answer to Paragraph 47, Defendant neither admits nor denies the allegations contained therein alleging what National Restaurant Brokers did or did not do and in answering further deny as untrue that Dortch either signed or agreed to Exhibit B.

48.     In answer to Paragraph 48 and including sub paragraphs a through d Defendant neither admits nor denies the allegations contained therein as Exhibit B speaks for itself.  In answering further, Defendant denies that it agreed to the purported commission structure or that this purported structure applied in any event.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

49.     In answer to Paragraph 49, Defendant admits the allegations contained therein.

50.     In answer to Paragraph 50, Defendant denies the allegations contained therein.

51.     In answer to Paragraph 51, Defendant denies the allegations contained therein.

52.     In answer to Paragraph 52, Defendant neither admits nor denies the allegations contained therein.  In answering further, there was no listing agreement entered into between the parties.

53.     In answer to Paragraph 53, Defendant denies the allegations contained therein.

54.     In answer to Paragraph 54, Defendant denies the allegations contained therein.

55.     In answer to Paragraph 55, Defendant denies the allegations contained therein.

56.     In answer to Paragraph 56, Defendant denies the allegations contained therein.

57.     In answer to Paragraph 57, Defendant denies the allegations contained therein.

58.     In answer to Paragraph 58, Defendant denies the allegations contained therein.

59.     In answer to Paragraph 59, Defendant denies the allegations contained therein.

**COUNT III [sic] - UNJUST ENRICHMENT**

60.     Defendant incorporates by reference each of the foregoing paragraphs as if restated herein word for word and paragraph for paragraph.

61.     In answer to Paragraph 61, Defendant denies the allegations contained therein.

62.     In answer to Paragraph 62, Defendant denies the allegations contained therein.

63.     In answer to Paragraph 63, Defendant denies the allegations contained therein.

64.     In answer to Paragraph 64, Defendant denies the allegations contained therein.

65.     In answer to Paragraph 65, Defendant admits Plaintiffs have not been compensated by denies Plaintiffs are entitled to any compensation.

66.     In answer to Paragraph 66, Defendant denies the allegations contained therein.

67.     In answer to Paragraph 67, Defendant denies the allegations contained therein.

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

6

68.    In answer to Paragraph 68, Defendant denies the allegations contained therein.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded its attorney's fees and costs in having to defend this frivolous action.

KEMP KLEIN LAW FIRM
Attorneys for Defendant

By:    /s/Brian H. Rolfe
Brian H. Rolfe (P52680)
201 W. Big Beaver Road, Suite 600
Troy, MI  48084
248-528-1111

Dated: January 3, 2017

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury for all issues so triable.

KEMP KLEIN LAW FIRM
Attorneys for Defendant

By:    /s/Brian H. Rolfe
Brian H. Rolfe (P52680)
201 W. Big Beaver Road, Suite 600
Troy, MI  48084
248-528-1111

Dated: January 3, 2017

KEMP, KLEIN, UMPHREY, ENDELMAN & MAY, PC

7

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant, DORTCH HALO ENTERPRISES, LLC, by and through its attorneys, the Kemp Klein Law Firm, by Brian H. Rolfe, Esq., and for its Affirmative Defenses states as follows:

1.     Plaintiffs have failed to state a claim upon which relief can be granted as against Defendant.

2.     Plaintiffs' claims are barred in whole or in part because there is no genuine issue as to any material fact and Defendant is entitled to judgment or partial judgment as a matter of law.

3.     Plaintiffs' claims are barred in whole because there was no valid, legal and enforceable agreement between Plaintiffs and Defendant.

4.     Plaintiffs' damages, if any – which there are none, are subject to reduction.

5.     Plaintiffs' claims are barred by failure of consideration.

6.     Plaintiffs' claims are barred by failure of performance.

7.     Plaintiffs were not the procuring cause and as such, and regardless of the alleged activities undertaken by them, their claim fails as a matter of fact and law.

8.     Plaintiffs' claims are precluded by, at least, the statue of frauds - MCL 566.132(1)(e), and their failure to be in compliance with both MCL 339.2512a, and MCL 339.2501.

9.     Plaintiffs' claims are barred by the doctrines of laches, waiver and/or estoppel.

10.     Defendant reserves the right to assert additional special and/or affirmative defenses as this matter proceeds through litigation.

WHEREFORE, Defendant prays that Plaintiffs' Complaint filed against it be dismissed with prejudice, and that they be awarded reasonable costs and attorney fees so wrongfully incurred in defending this action.

KEMP KLEIN LAW FIRM
Attorneys for Defendant

By:    /s/Brian H. Rolfe
       Brian H. Rolfe (P52680)
       201 W. Big Beaver Road, Suite 600
       Troy, MI  48084
       248-528-1111

Dated: January 3, 2017
#858878

**PROOF OF SERVICE**

I hereby certify that on January 3, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record and/or parties in this case.

/s/ Leslie A. Tanghe
Leslie A. Tanghe

9