UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

RESTSEARCH.COM., INC. and
NATIONAL RESTAURANT BROKERS, INC.

      Plaintiffs,

v.

DORTCH HALO ENTERPRISES, LLC,

      Defendants.

Case No. 4:16-cv-14010-DML-EAS
Hon. David M. Lawson

| John Di Gicomo (P73056) | Brian H. Rolfe (P52680) |
| Eric Misterovich (P73422) | THE KEMP KLEIN LAW FIRM |
| REVISION LEGAL, PLLC | Attorneys for Defendant |
| Attorneys for Plaintiffs | 201 W. Big Beaver Road, Ste. 600 |
| 109 E. Front Street, Suite 309 | Troy, Michigan  48084 |
| Traverse City, MI 49684 | (248) 740-5684 |
| (231) 714-0100 | brian.rolfe@kkue.com |
| john@revisionlegal.com | |

### REPORT AND DISCOVERY PLAN
### PURSUANT TO FRCP 26(F)

Pursuant to FRCP 26(f), attorneys for the parties conferred on January 23, 2017. The following discovery plan is proposed:

    **a.**    **Date for Rule 26(a) disclosures:**

Initial disclosures required by Rule 26(a)(1) will be made by February 17, 2017.

    **b.**    **Subjects of discovery, when discovery should be completed, and whether discovery should be conducted in phases, or limited to particular issues:**

Rule 26(b)(1) is a sufficient limitation on the subjects of discovery. The parties agree to the following deadlines:

        1.    discovery cutoff should be August 3, 2017,

        2.    expert and lay witnesses to be listed by August 30, 2017,

3. deadline to file motions challenging expert witnesses shall be August 30, 2017,

4. Dispositive motions shall be filed by September 3, 2017,

5. Motions in limine shall be filed by October 3, 2017,

6. final pretrial conference and final pretrial order by close of business on November 3, 2017,

7. Jury Trial shall commence on December 6, 2017.

c. **Issues about disclosure or discovery of electronically stored information (ESI).**

The parties agree that no limitation on electronically stored information is necessary. The parties agree that all electronically stored information will be provided in its native format with all meta data intact.

d. **Claims of privilege and trial preparation materials:**

The parties have agreed that assertions of claims of privilege or work product immunity may be asserted after production. In the event privileged or work-product materials have been inadvertently produced, the producing party will notify the receiving party of its claim of privilege or work-product. The parties have agreed that neither party will be required to produce a privilege log for privileged communications exchanged after the filing of this action.

e. **Changes to the limitations on discovery:**

No changes.

f. **Other orders:**

The parties agree to the entry of the Southern District of Michigan's standard protective order.

In addition to the above, and pursuant to the Court's Notice to Appear (Doc#15), the parties provide the following additional information for the Case Management Status and Scheduling Conference set for February 6, 2017:

**Background of the Action and Principal Factual and Legal Issues**

    i.  **Plaintiffs' statement of facts and legal issues**

This matter arises out of Dortch Halo Enterprises' ("Dortch") sale of the highly popular Flint-based fast food restaurant Halo Burger to its new owner, Chance Ritchie. Plaintiff Restsearch.com, Inc. ("Restsearch.com") is a corporation organized under the laws of the State of Georgia with its principal place of business in Alpharetta, Georgia. Plaintiff National Restaurant Brokers, Inc. ("National Restaurant Brokers") is also a Georgia corporation with its principal place of business in Alpharetta, Georgia. National Restaurant Brokers is a marketing company that helps advertise and match buyers and sellers to facilitate the sale of single-unit and multi-unit restaurants. It has extensive experience in understanding the market for the sale of restaurant businesses and relies heavily on its connections to a wide range of professionals, from executives at publicly traded franchisors to investment bankers, to facility deals within the restaurant industry. Also under common ownership, Plaintiff Restsearch.com is a website dedicated to helping match buyers and sellers of single-unit and multi-unit restaurant businesses throughout the United States. Restsearch.com is wholly owned by National Restaurant brokers.

Dortch is located in Grand Blanc, Michigan and, for several decades, has been a successful franchisee of various quick serve food franchises, including Subway and Qdoba restaurants. Prior to January 2016, Dortch was also the owner of the Halo Burger restaurant chain, which was purchased in 2010 from Terry Thomas, son of Flint icon and respective businessman Bill Thomas, who had run the Halo Burger chain since the 1960s. In May of 2010, Bob Grabowski, CFO of

Dortch, contacted National Restaurant Brokers to inquire about purchasing a business listed with Restsearch.com. At this time, Mr. Grabowski was presented with a confidentiality agreement that outlined National Restaurant Brokers' terms, including that Dortch would be responsible for ensuring that the seller of the listed business paid National Restaurant Brokers its published commission in the event Dortch "or any client or affiliated or related party" bought a listed restaurant. Grabowski signed the Confidentiality Agreement and returned it to National Restaurant Brokers.

Several years later, in November of 2014, Mr. Grabowski met with National Restaurant Brokers in person at the Restaurant Finance and Development Conference in Las Vegas, Nevada. At this time, Mr. Grabowski indicated to National Restaurant Brokers that Dortch was interested in selling the Halo Burger restaurant chain. After this meeting, National Restaurant Brokers sent Mr. Grabowski an "Authorization for NRB to Proceed" form containing the terms under which National Restaurant Brokers would connect Dortch with a buyer for its Halo Burger restaurant chain. This form outlined National Restaurant Brokers' commission structure. In the same email, National Restaurant Brokers requested that Dortch provide National Restaurant Brokers with its profit and loss statement and requested a valuation so that National Restaurant Brokers could evaluate the proposed sale price. Dortch, however, did not sign the "Authorization for NRB to proceed" as requested.

In March of 2015, Dortch reengaged National Restaurant Brokers and requested a call to discuss its business listing. After this call, Dortch sent National Restaurant Brokers a non-disclosure agreement, its financials, and a sales portfolio outlining its business assets, sales information, and profitability. In May, Dortch complained about National Restaurant Brokers' commission structure and indicated that this structure would be a "deal killer." In response,

National Restaurant Brokers stated that it would reduce its fee by 10% if Dortch would allow it to sell other Subway restaurants owned by Dortch in the near future or if Dortch could refer two other deals to National Restaurant Brokers. On May 7, 2015, National Restaurant Brokers again asked Dortch to agree to the reduced 10% fee so that the parties could move forward. In response, Dortch provided revised operating metrics for 2014 and ignored National Restaurant Brokers' request that it agree to the reduced 10% fee.

On May 8, 2015, Dortch provided additional information addressed to "our National Brokers team." Between May 13 and May 18, 2015, Dortch and National Restaurant Brokers worked on a listing package. On May 19, 2015, the Dortch Halo Burger restaurant chain was listed with Restsearch.com and National Restaurant Brokers.

By August of 2015, National Restaurant Brokers had advertised the sale of the Halo Burger restaurant chain to over 40,000 potential buyers and had obtained approximately 200 interested buyers. In September of 2015, Chance Richie, principal of Halo Country, LLC, expressed interest in buying the Halo Burger Restaurant chain to National Restaurant Brokers. Mr. Richie intended to purchase the properties and convert them into Sonic restaurants, and, between September 25, 2015 and September 30, 2015, National Restaurant Brokers continued to negotiate with Mr. Richie, as well as his Sonic associate Mr. Bailey, to arrive at an agreement on the purchase of the Halo Burger restaurant chain.

By late October, Mr. Richie and Dortch had not settled on terms because Mr. Richie discovered that Dortch had sold the land on which its restaurants sat in a sale and leaseback deal and, therefore, could not secure the necessary lands to convert the Halo Burger restaurants into Sonic. Dortch, however, actively concealed that it was in negotiations to sell the Halo Burger restaurant chain to Mr. Richie and failed to disclose its negotiations with Mr. Richie in its

discussions with National Restaurant Brokers.

On January 15, 2016, National Restaurant Brokers was informed, via a press release, that Dortch had sold the Halo Burger restaurant chain to Mr. Richie. On that same day, National Restaurant Brokers contacted Dortch and requested payment. On January 19, 2016, National Restaurant Brokers sent Dortch an invoice consistent with its commission arrangement. Dortch responded on January 21, 2016 with a letter stating that it did not owe National Restaurant Brokers a commission. In July of 2016, counsel for National Restaurant Brokers made one last attempt to resolve Dortch's failure to pay commissions short of litigation, but Dortch did not respond.

Plaintiffs filed suit alleging claims for breach of contract and, in the alternative, unjust enrichment. Plaintiff alleges that Defendant signed the National Restaurant Brokers confidentiality agreement and/or manifested its assent to be bound by that agreement by inviting Plaintiffs to perform. In the alternative, Plaintiffs assert that Defendant has been unjustly enriched by Plaintiffs' performance, namely, the procurement of a buyer for the Halo Burger restaurant chain.

  ii. **Defendant's statement of facts and legal issues**

Plaintiffs seek recovery from Defendant in the form of a commission payment calculated based upon the sale price of Defendant's business; which included an interest in real estate. In or about 2010 the parties met and a representative of Defendant communicated with Plaintiffs regarding possibly purchasing a business listed with/by the Plaintiffs. Ultimately, nothing came of that contact. Later, beginning in 2014, the parties reconnected at a trade show in Las Vegas. Defendant's representative discussed that Defendant may be looking to sell and that it may be looking to Plaintiffs for assistance with the same. Although the parties had a number of conversations, communications and exchanges of information, ultimately Defendant never signed

the contract presented to it by Plaintiffs so as to effectuate the relationship and authorize Plaintiffs to proceed under the contract terms.

In late 2015, Defendant was sold independent of Plaintiffs purported efforts on its behalf. Notwithstanding that fact, Plaintiffs seek recovery of a commission pursuant to the terms of an unexecuted contract presented by Plaintiffs to, and never signed by, Defendant. Plaintiff is entitled to no commissions in this matter for a number of reasons. First, Plaintiffs' claims are barred in whole because there was no valid, legal and enforceable agreement between Plaintiffs and Defendant. Second, Plaintiffs' claims are barred by a failure of consideration and a failure of performance as Plaintiffs were not the procuring cause of the sale and, as such, and regardless of the alleged activities undertaken by them, their claim fails as a matter of fact and law.

Plaintiffs' claims are precluded by, at least, the statue of frauds - MCL 566.132(1)(e), and Plaintiffs' failure to be in compliance with both MCL 339.2512a, and MCL 339.2501. Finally, assuming Plaintiffs' claims had merit, which they do not, Plaintiffs' damages, if any – which there are none, are subject to a substantial reduction.

    a.    **Outlines of Proposed Discovery.**

        The parties agree that bifurcation of discovery is unnecessary.

    b.    **Outstanding/Anticipated Discovery Disputes.**

        None at this time.

    c.    **Insurance Available / Indemnification Available.**

        None.

    d.    **Discovery Cut-Off and Trial Dates.**

        See above.

| | |
|---|---|
| REVISION LEGAL, PLLC<br>Attorneys for Plaintiffs | KEMP KLEIN LAW FIRM<br>Attorneys for Defendant |
| By: /s/ John Di Gicomo<br>John Di Gicomo (P73056)<br>Eric Misterovich (P73422)<br>109 E. Front Street, Suite 309<br>Traverse City, MI 49684<br>(231) 714-0100 | By: /s/Brian H. Rolfe<br>Brian H. Rolfe (P52680)<br>201 W. Big Beaver Road, Suite 600<br>Troy, MI 48084<br>248-528-1111 |

*862376*

## PROOF OF SERVICE

I hereby certify that on January 24, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record and/or parties in this case.

/s/ Leslie A. Tanghe
Leslie A. Tanghe